**ELIZABETH DEE STONE**,

        Plaintiff,

        v.

**NANCY A. BERRYHILL**,

        Defendant.

Case No. 17-cv-1952 (CRC)

## OPINION AND ORDER

Nearly two years after the Social Security Administration ("SSA") approved Elizabeth Stone, who is deaf, for disability insurance benefits, she returned to work full time. Report and Recommendation ("R&R"), ECF No. 22, at 2.[1] Because her new income was above the statutory limits, she was no longer eligible for benefits. Id. at 2–3. Stone met with agency representatives three times over the course of three years to disclose her earnings, express confusion, and ask that the payments stop. Id. at 2. Notwithstanding these meetings, Stone received notices of changed benefits each year informing her of retroactive *increases* in her monthly benefits. Id. Eventually, SSA sent Stone a letter explaining that she was not in fact entitled to benefits for the periods in which she worked and instructed her to return the amount she was overpaid. Id. at 3. Stone requested, and was denied, a waiver of repayment from the agency. Id. An ALJ considered her appeal of this denial at an administrative hearing and upheld the agency's decision. Id. at 3–4; Administrative Record ("AR"), ECF No. 18 at 28–32.

A waiver for recovery of overpayment will be granted where (1) the requesting individual is found to be without fault and (2) recovery of overpayment would defeat the purpose of Title II

---

[1] For a detailed recitation of the facts, see id. at 2–4.

of the Social Security Act or would otherwise be "against equity and good conscience." 42 U.S.C. § 404(b)(1). As relevant here, an individual is deemed at fault if she accepted a payment that she "knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507(c). Given the efforts described above, it may strike a layperson as unreasonable that Stone would be deemed at fault by the law, but that is what the law requires. She acknowledged at her hearing that she knew of the income limits when she applied for the benefits, that she exceeded those limits when she returned to work, and that she suspected something was amiss when she received the monthly checks thereafter. Nonetheless, Stone admitted to accepting and using that money. AR at 175–77, 183. True, she thrice notified the agency of the discrepancy and requested that it cease the payments—which is all one might reasonably expect of a person in her situation. But the law demanded more because the regulation deems an individual at fault if she accepts a payment with knowledge that it was incorrect. And although Stone argues that she was improperly found "at fault" because the ALJ failed to apply 20 C.F.R. § 404.510(a)—which provides that an individual will not be at fault where she relies on "erroneous information from an official source within the [SSA] . . . with respect to the interpretation of a pertinent provision of the Social Security Act or regulations"—numerous courts have concluded that the notices of benefits that Stone received following her meetings with the agency do not qualify as official interpretations for that section. See, e.g., Valley v. Comm'r of Soc. Sec., 427 F.3d 388, 393 (6th Cir. 2005); Rodysill v. Colvin, 745 F.3d 947, 952–53 (8th Cir. 2014).

Applying the strictures of 20 C.F.R. § 404.507(c) and case law interpreting 20 C.F.R. § 404.510a, Magistrate Judge Robinson properly concluded that the ALJ's finding of fault is supported by substantial evidence under the applicable highly deferential standard of review. Having received no objections to the Magistrate Judge's findings, the Court will adopt her

Report and Recommendation in full.  See <u>Porter v. Colvin</u>, 951 F. Supp. 2d 125, 129 (D.D.C. 2013) (citing <u>Thomas v. Arn</u>, 474 U.S. 140, 150–51 (1985)) (noting that a district judge need not review a magistrate's report if the parties file no objections to that report).

For the foregoing reasons, it is hereby

**ORDERED** that [22] Magistrate Judge Robinson's Report and Recommendation is ADOPTED in full.  It is further

**ORDERED** that [15] Plaintiff's motion to reverse is DENIED.  It is further

**ORDERED** that [16] Defendant's motion to affirm is GRANTED.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>April 1, 2019</u>